AO 245B    (Rev 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| LINWOOD BARNHILL | Case Number:  14-cr-00124-RMC |
| | USM Number: 33401-016 |
| | Joanne D. Slaight |
| | Defendant's Attorney |

**FILED**

OCT 2 3 2014

Clerk, U.S. District and
Bankruptcy Courts

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1,2,3 of the Information on 6/20/2014.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 22 DCC §§ 2705 | Pandering of a Minor | 12/3/2013 | One |
| (a)(2)(C) and (c)(2) | | | |

        The defendant is sentenced as provided in pages 2 through    7    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/9/2014
Date of Imposition of Judgment

*Rosemary M Collyer*
Signature of Judge

Rosemary M. Collyer, U.S. District Judge
Name and Title of Judge

10/23/14
Date

AO 245B    (Rev  09/11) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page    2    of    7

DEFENDANT:  LINWOOD BARNHILL
CASE NUMBER:  14-cr-00124-RMC

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 22 DCC §§ 2705 (a)(2)(C) and (c)(2) | Pandering of a Minor | 12/3/2013 | Two |
| 18 USC § 2252A(a)(5)(B | Possession of Child Pornography | 12/3/2013 | Three |

AO 245B   (Rev 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __7__

DEFENDANT:  LINWOOD BARNHILL
CASE NUMBER:  14-cr-00124-RMC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Eighty-four (84) Months of incarceration on each of Counts 1, 2, and 3, all concurrent.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page   4   of   7

DEFENDANT:  LINWOOD BARNHILL
CASE NUMBER:  14-cr-00124-RMC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
One Hundred Twenty (120) Months on each of Counts 1, 2, and 3, all concurrent.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable )*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable )*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B       (Rev 09/11) Judgment in a Criminal Case
              Sheet 3A — Supervised Release

Judgment—Page ___5___ of ___7___

DEFENDANT:  LINWOOD BARNHILL
CASE NUMBER:  14-cr-00124-RMC

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall comply with the Sex Offender Registration requirements for convicted sex offenders in any state or jurisdiction where he resides, is employed, carries on a vocation, or is a student.

The defendant shall have no direct and/or unsupervised contact with minors under the age of 18, without the written approval of the United States Probation Office. Additionally, he shall have no contact in any form with any of the three minor victims named in this case.

Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision.

The defendant shall participate in a program of sex offender assessment and treatment, as directed by the United States Probation Office. At the direction of the United States Probation Office, the defendant shall pay for all or a portion of any treatment program. The defendant shall waive his right of confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the United States Probation Office to review his course of treatment and progress with the treatment provider(s).

The Court waives the requirement for mandatory drug testing, due to reliable information suggesting your low probability of future drug use.

The probation office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the probation office upon the defendant's completion or termination from treatment

The defendant has the right to appeal the sentence imposed by this Court if the period of imprisonment is longer than the statutory maximum or the sentence departs upward from the applicable Sentencing Guideline range. The defendant must file any appeal within 14 days after the Court has entered judgment in this case. If the defendant is unable to afford the cost of an appeal, he may request permission from the Court to file an appeal without cost to him.

AO 245B · (Rev. 09/11) Judgment in a Criminal Case
      Sheet 5 — Criminal Monetary Penalties

|  |  |  |
|---|---|---|
|  | Judgment — Page | 6 of 7 |

DEFENDANT:  LINWOOD BARNHILL
CASE NUMBER:  14-cr-00124-RMC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |

| | | | |
|---|---|---|---|
| **TOTALS** | $        0.00 | $        0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the    ☐ fine   ☐ restitution.

   ☐  the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B · (Rev. 09/11) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page ___7___ of ___7___

DEFENDANT:  LINWOOD BARNHILL
CASE NUMBER:  14-cr-00124-RMC

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

Special assessments totaling $200 for Counts 1 and 2 are immediately payable to the CriminalFinance Office, Room 4203, DC Superior Court, 500 Indiana Avenue, NW, Washington, DC. A special assessment totaling $100 for Count 3 is immediately payable to the Clerk of the Court for the US District Court, District of Columbia. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.